UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>M. CHAPPUIS,<br><br>    Defendant. | No. 2:18-cv-0193 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel. Defendant filed a motion to revoke plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g). As discussed below, the undersigned finds that plaintiff has sustained three strikes under § 1915(g). Because plaintiff fails to plausibly demonstrate he faced imminent danger of serious physical injury at the time he filed his complaint, the undersigned recommends that defendant's motion be granted, and that plaintiff's in forma pauperis status be revoked, and plaintiff be required to pay the filing fee.

II. Plaintiff's Complaint

    On January 29, 2018, plaintiff filed a complaint alleging Eighth Amendment and retaliation claims against defendant Chappuis arising from a classification committee hearing on August 3, 2016, at High Desert State Prison, and a subsequent assault on August 11, 2016. At the time he filed his complaint, plaintiff had been transferred to Pelican Bay State Prison.

1

III. Motion to Revoke In Forma Pauperis Status

    A. In Forma Pauperis Statute

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015) (prisoner may also be required to demonstrate imminent danger at the time the notice of appeal is filed); Andrews, 493 F.3d at 1055.

    B. Three Strikes?

A review of the actions filed by plaintiff in this court[1] reveals that plaintiff is subject to 28 U.S.C. § 1915(g) because he has sustained at least three § 1915(g) "strikes," which were all entered before plaintiff filed this action on January 29, 2018:

////

////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

1. Trujillo v. Sherman, No. 1:14-cv-1401 BAM (E.D. Cal.), dismissed on April 24, 2015, for failure to state a claim.[2] (ECF No. 22-2 at 9, 12-17.) The Ninth Circuit affirmed the dismissal on January 28, 2016. (ECF No. 22-2 at 21-22; 24, 26.)

2. Trujillo v. Ruiz, No. 1:14-cv-0975 SAB (E.D. Cal.), dismissed on January 6, 2016, for failure to state a claim upon which relief could be granted. (ECF No. 22-2 at 30, 33-36.) The Ninth Circuit affirmed the dismissal on April 19, 2017. (ECF No. 22-2 at 40-41, 43, 45.)

3. Trujillo v. Gonzalez-Moran, No. 17-15200 (9th Cir.), dismissed plaintiff's appeal on July 28, 2017, finding the appeal was frivolous, and denied plaintiff's motion to proceed in forma pauperis. (ECF No. 22-2 at 49, 52.) Mandate issued on August 21, 2017. (ECF No. 22-2 at 54.)

4. Cruz v. Gomez, No. 1:15-cv-0859 EPG (E.D. Cal.), dismissed on February 3, 2017, for failure to state a claim. (ECF No. 22-2 at 58, 62-68.) The Ninth Circuit affirmed the dismissal on October 3, 2017. (ECF No. 22-2 at 72-74, 76.)

5. Trujillo v. Gomez, No. 1:14-cv-1797 DAD DLB (E.D. Cal.), dismissed on August 5, 2016, for failure to exhaust administrative remedies which was apparent on the face of the complaint. (ECF No. 22-2 at 83, 86-92, 94-96.) On April 19, 2017, the Ninth Circuit affirmed the dismissal, expressly finding that the dismissal was proper because it was clear from the face of the amended complaint that plaintiff failed to exhaust his available administrative remedies prior to filing the lawsuit. (ECF No. 22-2 at 100-01.)

These first four cases count as strikes under 28 U.S.C. § 1915(g) because they were dismissed for failure to state a claim upon which relief may be granted, and as frivolous, respectively. The fifth case qualifies as a strike under El-Shaddai v. Zamora, 833 F.3d 1036, 1043-44 (2016), because plaintiff's failure to exhaust was clear from the face of his complaint.

Here, plaintiff does not dispute that he has suffered at least three strikes under the PLRA. (ECF No. 28.) Thus, unless plaintiff can demonstrate he was facing imminent danger of serious physical injury at the time he filed his complaint, plaintiff's in forma pauperis status should be revoked.

---

[2] Court records confirm that plaintiff litigates cases as "Guillermo Trujillo Cruz," and as "Guillermo Cruz Trujillo," but his inmate identification number remains the same, AA-2974.

C. Imminent Danger?

In his opposition, plaintiff argues that he informed the court in his complaint that he was under imminent danger of serious physical injury when he explained to prison officials in the inmate appeals office at High Desert State Prison about "departmental employee's serious employee misconduct on August 3, 2016." (ECF No. 28 at 1.) Plaintiff claims that defendant Chappuis verbally threatened to have plaintiff assaulted on the yard based on a November 27, 2009 rules violation report issued to plaintiff. (ECF No. 28 at 2.) Plaintiff alleges that after his conversation with Chappuis on August 3, 2016, plaintiff was "immediately targeted of an assault with deadly weapons on Facility C upper yard." (Id.) Plaintiff also provided copies of various inmate appeals he pursued. (ECF No. 28 at 4-40.)

1. Legal Standards - "Imminent Danger"

Because plaintiff has sustained three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced *at the time the complaint was filed*, not at some earlier or later time. See Andrews, 493 F.3d at 1053 (emphasis added). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.

2. Discussion

As argued by defendant, plaintiff's claims arise out of discrete events, an alleged retaliatory threat leading to a subsequent inmate assault and failure to protect by defendant Chappuis, arising from a classification committee hearing on August 3, 2016, at High Desert State Prison. Plaintiff alleges no ongoing, imminent danger of serious physical injury that was present when plaintiff filed the instant complaint on January 29, 2018. Rather, the threat posed by defendant Chappuis existed in August of 2016, and ceased when plaintiff was transferred to Pelican Bay State Prison before he filed the instant complaint. Because plaintiff's opposition is based solely on past alleged retaliatory threats and failure to protect, plaintiff fails to meet the imminent danger exception. Andrews, 493 F.3d at 1053.

4

IV. Sur-reply

By order filed July 19, 2018, plaintiff was advised that he is not permitted to file multiple oppositions to a motion, and denied plaintiff's motions for an extension of time to file further opposition or a sur-reply to defendant's reply. (ECF No. 32.) Despite such order, on August 3, 2018, plaintiff filed an additional opposition, in which he again relies on the 2016 incident to argue imminent danger. For the reasons set forth in the July 19, 2018 order, plaintiff's additional opposition (ECF No. 36) is disregarded.

V. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 22) be granted;

2. Plaintiff's in forma pauperis status (ECF No. 9) be revoked;

3. Plaintiff be ordered to pay the $400.00 filing fee within twenty-one days from the date the district court adopts the instant findings and recommendations. Failure to timely pay the filing fee will result in the dismissal of this action;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 8, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cruz0193.1915(g)

5