UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>M. CHAPPUIS,<br><br>Defendant. | No. 2:18-cv-0193 KJM KJN P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 8, 2018, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff filed objections to the findings and recommendations (ECF Nos. 44, 47); defendant filed a response (ECF No. 46).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the recommendation disposition of defendants' motion to revoke plaintiff's in forma pauperis status to be supported by the record.

/////

1

The court writes separately to clarify its reasons for adopting the recommendation to grant defendants' motion and revoking plaintiff's in forma pauperis status. As set out in the findings and recommendations, the following three actions were dismissed for failure to state a claim prior to the time this action was filed: *Trujillo v. Sherman*, No. 1:14-cv-1401 BAM, 2015 WL 13049186 (E.D. Cal. 2015); *Trujillo v. Ruiz*, No. 1:14-cv-0975 SAB, 2016 WL 8999460 (E.D. Cal. 2016)[1]; and *Cruz v. Gomez*, No. 1:15-cv-0859 EPG, 2017 WL 1355872 (E.D. Cal. 2017). All three of these actions were dismissed by magistrate judges for failure to state a claim upon which relief may be granted; in each case, only plaintiff had consented to proceed before a magistrate judge and the cases were dismissed before service of process on any defendant. The United States Court of Appeals for the Ninth Circuit has recently held that, although there is no longer a "dispute that a magistrate judge lacks the authority to dismiss a case unless all parties have consented to proceed before the magistrate judge," a prisoner plaintiff "cannot escape" the 28 U.S.C. § 1915(g) consequences of such a dismissal "through an untimely collateral attack." *Hoffman v. Pulido*, ___ F.3d ___, 2019 WL 2910812 (9th Cir. July 8, 2019) (citing *Williams v. King*, 875 F.3d 500, 504-05 (9th Cir. 2017)). Because the three cases cited above, all of which constitute strikes under 28 U.S.C. § 1915(g), are no longer pending, a challenge to the three-strikes consequence of each dismissal is precluded by *Hoffman*. Moreover, because these three strikes are sufficient to require revocation of plaintiff's in forma pauperis status, the court need not and does not rely on the dismissal of plaintiff's appeal in *Trujillo v. Gonzalez-Moran*, No. 17-15200 (9th Cir. 2017), or the dismissal of *Trujillo v. Gomez*, No. 1:14-cv-1797 DAD DLB (E.D. Cal. 2016), to support its decision.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 18, 2018, are adopted to the extent consistent with this order;

---

[1] On Westlaw, this action is denominated *Cruz v. Ruiz*. Court records reflect that plaintiff's middle and last names are variously identified as either Cruz Trujillo or Trujillo Cruz. The court has confirmed that the plaintiff in this action and in the three actions identified as strikes in this order are the same person with three strikes identified in this order by relying on the California Department of Corrections and Rehabilitation number assigned to the plaintiff in each action; that number is the same in each of the four actions.

2. Defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 22) is granted;

3. Plaintiff's in forma pauperis status (ECF No. 9) is revoked;

4. Plaintiff is ordered to pay the $400.00 filing fee within twenty-one days from the date of this order; and

5. This matter is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: August 5, 2019.

_____
UNITED STATES DISTRICT JUDGE